*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
January 27, 2022

v

No. 354964
Barry Circuit Court
LC No. 19-000787-FH

NATHAN LEVI CHRISTIE,

Defendant-Appellant.

Before: CAMERON, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Nathan Levi Chistie, pleaded guilty to operating a motor vehicle while intoxicated (OWI), third offense, MCL 257.625(1); MCL 257.625(9)(c). Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 80 to 120 months' imprisonment. We affirm defendant's sentence.

## I. BACKGROUND

In September 2019, law enforcement was contacted after defendant drove his motor vehicle into a ditch. Defendant was arrested after he "failed" field sobriety tests. Laboratory results later reflected that defendant's blood alcohol content was 0.203 grams of alcohol per 100 milliliters of blood. Defendant was uncooperative and combative with law enforcement after his arrest. Defendant was charged with OWI, third offense, and with resisting and obstructing a police officer, MCL 750.81d. The prosecutor also filed a notice that defendant was subject to a sentence enhancement as a fourth-offense habitual offender under MCL 769.12.

In October 2019, defendant pleaded guilty to OWI, third offense, as a third-offense habitual offender. In exchange for defendant's plea, the prosecutor agreed to dismiss the resisting and obstructing charge and the habitual fourth-offender notice. On the basis of defendant's prior record

variable (PRV) and offense variable scores, the trial court scored the minimum guidelines and determined that defendant's recommended minimum sentence range was 12 to 36 months' imprisonment. The trial court then departed from the guidelines and sentenced defendant to 80 to 120 months' imprisonment. After sentencing, defendant moved to withdraw his plea based on an argument that he lacked notice that he could face prison time above the minimum guidelines. The trial court denied the motion, and this appeal followed.

## II. STANDARD OF REVIEW AND PRINCIPLES OF LAW

Defendant argues that the trial court improperly exceeded the minimum guidelines. We disagree.

"This Court reviews sentencing decisions for an abuse of discretion." *People v Skinner*, 502 Mich 89, 131; 917 NW2d 292 (2018). An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). In the context of sentencing, a trial court abuses its discretion by violating the principle of proportionality.[1] *People v Dixon-Bey*, 321 Mich App 490, 524; 909 NW2d 458 (2017).

Sentences imposed by the trial court must "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 474; 902 NW2d 327 (2017) (quotation marks and citation omitted).

> [R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range . . . include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight. [*Dixon-Bey*, 321 Mich App at 525 (citations omitted).]

Other factors include "the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Id*. at 525 n 9 (quotation marks and citations omitted).

Although the applicable sentencing guidelines range is only advisory, "a sentencing court must determine the applicable guidelines range and take it into account when imposing a sentence." *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). The sentencing guidelines are "a highly relevant consideration in a trial court's exercise of sentencing discretion," and the trial court "must consult those [g]uidelines" when making a sentencing determination. *Id*. at 391 (quotation marks and citation omitted).

---

[1] Defendant argues that the proper standard of review is whether the trial court's sentence "shocks the appellate court's conscience." However, this standard has been "abandoned" and replaced with the proportionality standard. *People v Babcock*, 244 Mich App 64, 70; 624 NW2d 479 (2000).

## III. ANALYSIS

Defendant in this case was convicted of OWI, third offense. The trial court scored the minimum guidelines and determined that defendant's recommended minimum sentence range was 12 to 36 months' imprisonment. The trial court then stated as follows:

> [Defendant has] 8 prior felonies, 11 prior misdemeanors.
>
> This is to me a highlight of the fact that the sentencing guidelines are broke[n], because how could you possibly have someone [with] 8 prior felonies, 11 prior misdemeanors, sev—this is I believe his seventh drunk driving [conviction[2]], twice in prison before, and the guidelines are 12 to 36 months on a ten-year [maximum]. That just tells me that this system is broken. This does not score things correctly at all.

Thus, contrary to defendant's arguments on appeal, the trial court considered the guidelines but determined that they did not adequately take into account defendant's extensive criminal history. The trial court then stated, in relevant part, as follows:

> We have someone here who's been in prison twice before, who's been through all the services we can offer [him]. I have somebody here who if I let out and you hurt—you were on bond for a drunk driving . . . [when] you did this. If I let you out and you hurt or kill somebody, that's to some extent on me, that's how I look at it. I can't do that. I can't do that.
>
> * * *
>
> Based on every argument that the Prosecutor made, based on the fact that the Defendant has had two stints in prison, twice out, continues to fail, based on the fact [that] this is his seventh drunk driving and [that] this occurred while he was on bond for another drunk driving, based on the fact that he has gone through countless probations and other services provided by the court and—none of which seem[] to have helped, I am [going to] depart from the guidelines as the law allows me to do. I'm [going to] sentence him to 80 to 120 months in prison.

We find no error in the trial court's decision to depart from the recommended minimum sentence range. The guidelines may not adequately account for a defendant's extensive criminal history. See *People v Milbourn*, 435 Mich 630, 657; 461 NW2d 1 (1990), abrogated on other grounds by *People v Steanhouse*, 500 Mich 453 (2017) ("[A] sentencing judge could legitimately

---

[2] Defendant's presentence investigation report for the instant offense reflected that defendant had been convicted of OWI five times. At the sentencing hearing, defendant revealed that he had recently been convicted of OWI in a different county and was awaiting sentencing. Thus, the instant offense was defendant's seventh OWI conviction.

depart from the guidelines when confronted by the unlikely prospect of a one hundred-time repeat offender, since the guidelines do not take such extensive criminal records into account."). In this case, defendant's eligible prior felonies and misdemeanors resulted in a total PRV score of 115 points. This placed defendant in Level F, which is the highest PRV level and applies to any defendant with 75 or more PRV points. See MCL 777.66. The guidelines not only failed to account for defendant's additional 40 PRV points, they also did not adequately account for the one additional felony and seven nonqualifying misdemeanors that were not considered in scoring the PRVs. See MCL 777.51(1)(a); MCL 777.52(1)(a); MCL 777.55(1)(c). As a result, it was appropriate for the trial court to justify its upward departure, in part, on the basis of defendant's lengthy criminal history, which included numerous prior OWI convictions.

Moreover, the trial court noted its concern that defendant had a low potential for reform, stating that defendant had "gone through countless probations and other services provided [to him] by the court" and that none of this "seem[ed] to have helped." The trial court also noted the seriousness of defendant's offense. While the instant offense did not involve physical harm to others, the frequency of defendant's acts of driving while intoxicated and his high blood alcohol content at the time of his arrest increased the risk that his behavior could lead to more serious consequences in the future.

Finally, the extent of the trial court's departure is a relevant consideration when reviewing a departure sentence for proportionality. See *Milbourn*, 435 Mich at 660. In this case, the trial court's departure exceeded the top end of defendant's recommended minimum guidelines range by more than 3-1/2 years. We nevertheless conclude that the trial court adequately justified this departure by explaining that defendant's criminal behavior had not changed despite having been sentenced to prison and despite having had access to services. The trial court also noted that defendant was a danger to the community due to his habitual drunk driving. We therefore conclude that the trial court's upward departure was "proportionate to the seriousness of the circumstances surrounding the offense and the offender." See *Steanhouse*, 500 Mich at 474. The trial court did not abuse its discretion.

Defendant also argues that he lacked notice of the possible sentence that he faced. However, when granting defendant's application for leave to appeal, this Court limited the issue on appeal to "whether the trial court abused its discretion by departing from the sentencing guidelines and imposing a prison sentence with an 80-month minimum." *People v Christie*, unpublished order of the Court of Appeals, entered January 27, 2021 (Docket No. 354964). Therefore, we need not consider whether the trial court abused its discretion by denying

defendant's motion to withdraw his plea on the basis of lack of notice.[3]

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[3] To the extent that we have considered the argument, we find that it lacks merit. Indeed, defendant was aware that the prosecutor was requesting that defendant be sentenced to prison and that he could be sentenced to up to 10 years' imprisonment for the OWI, third offense, conviction. At the plea hearing, the trial court noted that it could sentence defendant to jail or prison, or that it could permit defendant to enter into a treatment court. The trial court indicated that it would not make a decision until it had more information. At the sentencing hearing, the trial court gave defendant "a heads up" that the court may "go above the guidelines" and indicated that the court was willing to adjourn the sentencing hearing. Defendant nonetheless decided to proceed with sentencing.